[Civil No. 4544. Filed June 1, 1943.]

[137 Pac. (2d) 971.]

JOHN H. McVEY, Appellant, v. JULIA G. McVEY, Appellee.

Mr. W. L. Barnum and Mr. R. H. Brumback, for Appellant.

Miss Alice M. Birdsall, for Appellee.

ROSS, J.—In the year 1928 the parties hereto were relieved of their marital relations by a divorce decree entered in the Superior Court of Maricopa County, Arizona, in an action in which John H. McVey was plaintiff and Julia G. McVey was defendant and cross-complainant. The ground charged and upon which the divorce was granted to the wife on her cross-complaint was the adultery of the plaintiff. In the decree, the court awarded the custody and care of their only child Julia Anne, then 15 years of age, to the mother and directed the plaintiff to pay to her for her and the child's support the sum of $150 per month "until fur-

ther order of this court." The plaintiff made payments to defendant in part only until June, 1931, since which time he has made no payments.

Julia Anne became of age on March 6, 1934.

■ On January 21, 1942 the plaintiff filed his second amended petition in said action asking that the judgment requiring him to pay defendant $150 per month be modified to relieve him entirely, on the ground that the judgment should have been segregated showing what part thereof was for the child and what part for the mother. On this point the court ruled against plaintiff's contention and held the judgment as originally entered was proper and valid, and the plaintiff has appealed therefrom.

Section 2187, Revised Code of 1928, now section 27–810, Arizona Code 1939, provides that the final decree of divorce

"may . . . direct the husband to pay to the wife such amounts as may be necessary for the support and maintenance of the wife, and the minor children of the parties whose custody may be awarded to the wife, as may be necessary or proper, and may decree that said amount may be paid in one sum or in instalments . . . ."

The judgment conformed with this statute and is one the court had jurisdiction to enter.

■■ The judgment, however, after the daughter Julia Anne became of age (March 6, 1934) was not susceptible of enforcement, in terms, for the reason that the father was no longer liable for her support and maintenance and it failed to state what portion of it was for the wife's support and what portion for the support of the child. The court had not lost jurisdiction of the case as may be seen from the following statutory provision, found in section 2188, Revised Code of 1928, now section 27–811, Arizona Code 1939:

"The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife . . . . "

Under this section the limit of time in which the court may "amend, revise and alter" the portion of the decree relating to the support and maintenance of the wife is controlled by the wife's status and needs. If she is still unmarried and is in need of support when the application to amend is heard by the court, which appears to be the case here, the court is empowered to grant her appropriate relief.

The defendant resisted plaintiff's application for relief from the judgment and asked the court to modify the judgment theretofore entered to conform with the changed conditions, and the court after hearing the parties made and entered the following decree:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff, John H. McVey, pay to the defendant, Julia G. McVey, as alimony, the sum of $100.00 per month instead of the $150.00 per month provided in the original decree as and for alimony and support and maintenance of the minor child, Julia Anne McVey, in all other particulars said decree to remain in its original tenor, the first payment in the reduced amount to begin March 15, 1942, and to continue thereafter on the 15th day of each succeeding month until the further order of the court, said payments to be made to the Clerk of this Court."

■■ While plaintiff now resides in Florida and the defendant in Pennsylvania, both, in person, submitted their troubles to the same court that rendered the original judgment. We think the court had jurisdiction of both the subject matter and the parties and power to render the judgment it did. No showing is made by plaintiff that the wife is able to and should support herself or that she is not as much entitled to

support now as she was when judgment was given in her favor.

We think the judgment should be affirmed, and it is so ordered.

STANFORD, J., concurring.

McALISTER, C. J. (dissenting).

I regret that I cannot agree with my colleagues in the disposition of this case.

It is true the court had jurisdiction of the parties, and perhaps jurisdiction of the subject matter, but in my judgment it did not have jurisdiction to render the particular judgment it did. The majority opinion admits that after Julia Anne reached the age of 21 years, the original judgment was not enforcible in terms because the father was not liable for her support after that, yet eight or nine years following that event, the court, upon the theory that it still retained jurisdiction of the case, for the purpose of modifying it in accordance with the needs of the defendant and the ability of the plaintiff to pay, rendered a judgment that ''the plaintiff, John H. McVey, pay to the defendant, Julia G. McVey, as alimony, the sum of $100.00 per month instead of the $150.00 per month provided in the original decree as and for alimony and support and maintenance of the minor child, Julia Anne McVey.''

The order was that the plaintiff pay $150 per month for the support of the defendant and the daughter, and when the daughter reached her majority, on March 6, 1934, some eight or nine years before this modification, she was out of the picture entirely. After that the court no longer had jurisdiction as to her. The $150 was a joint allowance and the reduction to $100 was a reduction in the amount awarded for the support of two people, and when this decree was

entered one of these had long since ceased to be entitled to her portion. If the allowance had been for alimony, or the support of Mrs. McVey alone, there would be no question of the court's right now to modify it, but, as I see the situation, it did not have jurisdiction to alter the joint allowance, not knowing what portion of it was intended for Mrs. McVey and what portion for the daughter. The first thing to know, before deciding whether it should remain the same, be raised or lowered, is, how much does she receive now, and neither the court, nor any one else, could tell. The decree had become final and while the petition to modify was filed in the same court that granted the divorce, it was not asked, by cross-complaint, or otherwise, to decide how the allowance should have been divided prior to March 6, 1934, and no attempt was made by it to do so, yet it looks as if it merely reduced the amount awarded the two by striking from the judgment the portion it thought was intended for the daughter. The revision section 2188, Revised Code 1928, intended was either to raise or lower the amount awarded, in this case to the wife, and not merely to cut from the judgment something that no longer belonged there. This would have been done automatically after March 6, 1934, if the decree had said how much of the $150 was intended for the wife and how much for the daughter, as section 2187, Revised Code of 1928, 27–810, Arizona Code 1939, evidently contemplates should be done. It does not say in so many words that the court shall direct how much shall be paid for the benefit of the wife and how much for the benefit of the children, but its wording and punctuation indicate that this was intended, and the husband and father is entitled to know, so that he may continue the wife's portion when the child reaches 21, or the child's portion if the wife remarries before the child reaches her majority, and thus avoid the neces-

sity of another suit to determine how it was intended to be divided.

The court had before it such a situation in *Hale* v. *Hale*, 6 Cal. App. (2d) 661, 45 Pac. (2d) 246, 247, wherein the wife had been granted a divorce from the husband on her cross-complaint on April 2, 1918, and awarded the custody of their three minor children and the defendant ordered to pay her for the support of herself and the children the sum of $45 per month. On December 6, 1932, the court made an *ex-parte* order directing execution to issue to collect $5,735, unpaid on the judgment. Defendant moved to vacate said order and to recall the execution and from the order denying the motion defendant appealed. On August 18, 1926, the wife remarried and within two years thereafter the two older children, Robert and Grace, and in August 1932, Earl, had become 21. The husband's duty to support the wife terminated with her marriage and his duty to support the children ceased when they reached 21. In holding that she could not collect for Earl, who became of age in 1932, six years after she married, and for the others who reached their majority also after her marriage, the court said:

"Defendant in this proceeding has appealed to the court to relieve him from an unjust order, and presumably would have made no objection to the order, had it and the execution based thereon been for the amount which clearly appears as a just obligation, which he should unquestionably pay. There is no doubt that during the minority of his children and while the plaintiff was unmarried, he should have complied with the judgment of the court. The aid of this court should not now be extended to him so that he may avoid this just obligation. To determine what portions of the entire amount during the later years after the remarriage of plaintiff should be allowed for the support of Earl who attained his majority in August, 1932, *would be to indulge in speculation and guess, and such determination is clearly not the province either*

*of this court or of the trial court. Parker* v. *Parker*
[203 Cal. 787, 266 Pac. 283]. It appears, however, that
at the date of the remarriage of plaintiff, there was
then due upon the judgment the sum of $2,530. No
good reason appears why defendant should not be
compelled to pay this amount.'' Italics ours.

In *Herman* v. *Brennan,* 236 Mich. 604, 211 N.W. 52,
53, the wife had secured a divorce from her husband,
John Hobar, and the decree had awarded her the cus-
tody of their child and $4 a week for the support of
herself and the child. Mrs. Hobar married within a
month after the decree was· secured and thereafter
attempted to enforce it as to the child. The court said:

''At this point comes the difficulty in this proceeding
in enforcing the terms of the decree with reference
to the child. The decree granted a stated sum for a
*joint purpose,* and, *such sum not being divisible, we
cannot say what part thereof should have been paid*
*for the support of the child,* and then direct the court
below to order him to pay such sum or go to jail. The
sum awarded was small, but this does not help solve
the question, for we cannot modify the decree by hold-
ing the whole sum should have been paid for the sup-
port of the .child and then find him guilty of contempt
for not so making payment. We are constrained to
affirm the action in the circuit court.'' Italics ours.

The judgment, in my opinion, should be reversed.