24 N.J. Super. 516 (1953)
95 A.2d 15
WALTER M. LEITH AND HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ANDREW B. HORGAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1953.
Decided February 18, 1953.
*517 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Edward Schoen, Jr., argued the cause for the appellants (Mr. Rodman C. Herman, on the brief).
Mr. Charles S. Barrett, Jr., argued the cause for the respondent (Messrs. Lum, Fairlie & Foster, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The complaint was dismissed by summary judgment in the Chancery Division and the plaintiffs appeal.
The plaintiffs are the parents of Marion L. Horgan, who is an incurable invalid, paralyzed since May 1950, and who is married to the defendant and has been his wife since 1935. Some time after July 1951 she was taken by her husband to a place of residence unknown to the plaintiffs. The defendant refuses to tell them the whereabouts of their daughter and refuses them permission to visit her. The plaintiffs pray that the defendant be ordered to inform them of the present whereabouts of Mrs. Horgan and that they be given the right to visit her; that a guardian be appointed to safeguard her interest and welfare and to facilitate the plaintiffs' right of visitation.
Such is the substance of the complaint. The defendant, in his answer, besides asserting that the complaint shows no cause of action, alleges that to disclose the whereabouts of his wife and to allow her parents to visit her might endanger her health and even her life.
The law puts upon parents the duty to support, to care for, and to protect their child, and gives them a right of custody and control of the child. But the legal rights and *518 obligations incident to the relation of parent and child terminate when the minor child is emancipated with the requisite parental consent or upon attaining the age of 21 years, or when, earlier, the child marries  at least if the child is a female. Brown v. Ramsay, 29 N.J.L. 117 (Sup. Ct. 1860); In re Olcott, 141 N.J. Eq. 8 (Ch. 1947). After the marriage of a daughter, the legal relation between her and her parents is no longer the peculiar one that it was when she was an unmarried infant. The parents are now simply members of a group of her close relatives, none of whom is as close to her as her husband.
Some light may be thrown on the present controversy by the cases in which a grandparent has sought to compel a parent to permit him to visit a child. It is held that a parent has exclusive care and custody of his own child unless he has shown himself unfit for that responsibility. In the absence of such a showing, the grandparents have no rights in the premises. The court will not order the parents to share with them the care and custody, or require the parents to permit the grandparents to visit the child. In re Reiss, 46 La. Ann. 347, 15 So. 151; 25 L.R.A. 798 (Sup. Ct. La. 1894); Com. ex rel. Flannery v. Sharp, 151 Pa. Super. 612, 30 A.2d 810 (Super. Ct. Pa. 1943); Odell v. Lutz, 177 P.2d 628 (D. Ct. App. Cal. 1947); Bush v. Bush, 342 Ill. App. 86, 95 N.E.2d 121 (App. Ct. 1950). Just as the grandparents are one step beyond the parents in respect to the unemancipated child, so the parents are one step beyond the husband in respect to his wife. The grandparents have no rights in the one case and the parents in the other.
Our reasoning from analogy may lead to the erroneous assumption that we consider the similarity of the legal relation of husband and wife to that of parent and child to be more extensive than it is. There is a similarity, but it is very limited. The parents are the nearest kin to their infant child; the husband is the nearest to his wife; the duty of care and protection of the child rests on the parent; the husband has the responsibility for the care and protection *519 of his wife. And in the present case, the helplessness of Mrs. Horgan emphasizes the responsibility of her husband. If Mrs. Horgan were in normal health, she herself would decide to receive or not to receive her parents. But, paralyzed and helpless as she is, her husband must make the decision. Her parents are without legal right to visit Mrs. Horgan and can obtain no relief in this cause. We do not suggest that under no circumstances would a court intervene to require the defendant to permit his wife's parents to visit their daughter. Especially if it were made to appear that the daughter needed their ministrations. But the complaint does not disclose such a situation.
The parents do not allege that their daughter is confined or constrained by her husband against her will. That allegation was made and the issue was decided in the negative in a habeas corpus proceeding initiated by the parents before Judge Proctor in 1951.
The judgment is affirmed.