296 P.2d 951

**M. L. CROOK, Appellant,**

**v.**

**W. S. CROOK, Appellee.**

No. 6035.

Supreme Court of Arizona.

May 15, 1956.

Shimmel, Hill & Cavanagh, and John E. Savoy, Phoenix, for appellant.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from a judgment quashing an order to show cause and further ordering that the payment of support under the provisions of a divorce decree be stricken.

The facts in the case are not in dispute. A decree of divorce was entered in this action on June 24, 1942, on complaint of Mary L. Crook (plaintiff-appellant) against W. S. Crook (defendant-appellee) requiring inter alia:

"* * * that the defendant pay to the plaintiff through the office of the Clerk of this Court as and for the support and maintenance of the minor child of the parties * * * the sum of Fifty ($50.00) Dollars per month, * * * to be paid on or before the 1st day of every succeeding month commencing July 1, 1942, and to continue until further order of the Court, * * *."

This decree was subsequently modified on May 19, 1949, to require defendant to pay $85 per month, "until majority or the further Order of the Court". Defendant made monthly payments regularly up to November 1, 1951. On October 9, 1951, the minor child was married, and thereafter defendant made no further payments. On August 27, 1954, an order to show cause was issued requiring defendant to appear and show cause why he had not complied with the decree in failing to make the monthly support payments, the arrearage on which amounted to some $2,295. At the hearing on this order the parties agreed the facts were substantially as set forth herein, and the trial judge directed each side to submit a memorandum, after which, on November 29, 1954, he rendered judgment for defendant. Plaintiff appeals from this judgment and order.

The sole and determinative question on this appeal is: Did the marriage of the parties' minor child operate ipso facto to relieve defendant of an enforceable duty to make support payments without first obtaining a modification of the divorce decree?

■■ There seems little question that marriage of a minor child for whom support payments are required of the father is good and sufficient ground for modification of the decree. Davis v. Davis, 68 App. D.C. 240, 96 F.2d 512, 514, reversed on other grounds, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. It is there stated:

"It has been held that the marriage of a minor daughter, creating relationships inconsistent with parental control, emancipates her from the custody, care and control of her parents; that an emancipation works as complete a severance of the legal filial relationship as if the child had reached majority, thus

relieving the parent of all legal obligation for support * * *."

See also, Bennett v. Bennett, 179 Va. 239, 18 S.E.2d 911; Hayes v. Hayes, Mo.App., 156 S.W.2d 34. Cf. Leith v. Horgan, 24 N.J.Super. 516, 95 A.2d 15, reversed on other grounds, 13 N.J.. 467, 100 A.2d 175, 38 A.L.R.2d 1440; Annotation—Minor—Implied Emancipation, 165 A.L.R. 723, 745; 67 C.J.S., Parent and Child, § 89c. However, plaintiff contends that until such time as either of the two events occurred upon which the decree was by its terms conditioned, namely attainment of majority or relief by court order, defendant was still bound to pay the support, as provided in the modified decree. She relies on the case of Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 996, 94 A.L.R. 328, wherein the following statement appears:

"Installments of alimony become vested the moment they are due and the court has no power to modify the decree as to them. The rights and liabilities of the parties in such instances become irrevocably fixed on the dates the decree provides they shall be paid, and the inevitable effect of this is that the power to 'amend, change or alter' a provision of the decree requiring the care, custody or maintenance of the children has no reference to installments that are past due and unpaid. * * *"

In effect she stands "four-square" upon the prior divorce decree as amended and demands enforcement of its provisions regardless of the changed conditions or equitable considerations which have arisen subsequent to entering of the decree and which have a direct bearing upon the duty of the father to support the minor child. She argues by analogy the proposition that where an allowance is decreed to a divorced wife, her remarriage does not, ipso facto, end the husband's obligation to pay the alimony decreed. We decline to pass upon the latter proposition, nor in any event do we find it helpful in determining the question here presented.

We find a more perfect analogy in the situation wherein a minor child is emancipated by reason of entrance into military service. In the case of Swenson v. Swenson, 241 Mo.App. 21, 227 S.W.2d 103, 106, 20 A.L.R.2d 1409, it was held that enlistment of a minor son in the United States Army with his mother's consent "* * * severed the filial relation as completely as if he had become of age" and thereby terminated and extinguished the father's liability for support under the divorce decree. The appended annotation cites several other cases to this same effect. See also, Corbridge v. Corbridge, 230 Ind. 201, 102 N.E. 2d 764.

The case of McVey v. McVey, 60 Ariz. 380, 382, 137 P.2d 971, 972, is authority for the proposition that a divorce judgment requiring support to be paid " 'until further order of this court' " was not susceptible of

enforcement, in terms, after the daughter for whom the support was originally decreed became of age, for the reason that the father was no longer liable for her support and maintenance. The jurisdiction of the court to award custody was held to be coterminous with the duty of the father to support a minor child. Thus termination of her minority also ended the power of the court to require her support.

It should be remembered that the standards to be applied in this divorce proceeding are those of the equity court, since we have long recognized that such are considered equitable actions. Schwartz v. Durham, 52 Ariz. 256, 264, 80 P.2d 453; Wood v. Wood, 76 Ariz. 412, 418, 265 P.2d 778. The equities of natural justice in a given situation may turn a court of conscience away from the cold realm of technical legalism, whereby the court will not allow the prima facie wording of its decree to defeat the justice and propriety of an exemption from the duty therein imposed. We need not shut our eyes to the fact that this father's duty to support his child had terminated, though the decree on its face indicates otherwise. By the same reasoning that reaching majority expressly ended the obligation for support, so too, impliedly, did the emancipation by marriage. Davis v. Davis, supra.

We hold that the marriage of the minor daughter in the instant case operated to create a relationship which was the legal equivalent of attaining majority on her part, within the contemplated meaning of the original decree of divorce as modified. The termination of the parental duty-relationship by her marriage had a direct effect upon the provisions of the decree, whereby no enforceable rights in support payments could thereafter accrue to plaintiff.

Judgment affirmed.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.