299 P.2d 635

Roland HARFORD, Appellant,

v.

NATIONAL LIFE & CASUALTY INSURANCE COMPANY, a corporation, Appellee.

No. 6056.

Supreme Court of Arizona.

July 3, 1956.

R. R. Woodford, of Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, by John P. Frank and Walter Cheifetz, of Phoenix, for appellee.

JENNINGS, Superior Judge.

Roland Harford, as plaintiff, instituted this action in contract against defendant National Life & Casualty Insurance Company, a corporation, for commissions to which he claims he was entitled on premiums received by defendant after termination of his employment. Upon stipulation the matter was submitted to the trial court on an agreed statement of facts and issues. The court ruled in favor of defendant, and after denial of motion for new trial plaintiff perfected this appeal. A determination of the matter necessarily turns upon a correct interpretation of their contract. The parties will be referred to as they appeared in the lower court, i. e. plaintiff and defendant or, as to the latter, the Company.

Plaintiff's initial employment by defendant was as a salesman of insurance, under what was termed a "Career Contract" evidenced by a written agreement on a printed form prepared by the Company. He acted in this capacity until August 29, 1951, when by virtue of a supplemental contract he became sales manager for the company.

On or about October 1, 1952, plaintiff voluntarily resigned and terminated his contract with defendant company and thereafter rendered no service of any kind to it. Such action was allegedly taken under the provisions of section 20 of the "Career Contract", which reads in part as follows:

"* * * This agreement may be cancelled by Sales Representative, for reasons not herein set forth, or by the Company if in the opinion of the Board of Directors of the Company there are good and sufficient reasons or the best interests of the Company will be served by such cancellation, * * *."

In November, 1952, plaintiff accepted employment with a rival insurance company, and within one and one-half months thereafter persuaded four sales representatives to leave the service of defendant and accept employment with the rival company. At the time of his resignation as sales manager for defendant company certain first-year commissions were yet to ac-

crue and be paid to plaintiff by defendant pursuant to paragraph 3 of their contract. Defendant having failed to pay plaintiff such commissions, this suit was brought, with the result heretofore stated.

The assignments of error may be summarized thusly: It was error to enter judgment for defendant for the reason that, (1) the court improperly interpreted the provisions of the contract entered into by these parties; (2) the court declared a forfeiture of the rights of the plaintiff, when, in fact, there was no applicable provision in either contract authorizing such a forfeiture.

Plaintiff takes the position that the forfeiture provision is not operative where the persuading of sales representatives to leave the company's service is done *after* plaintiff has resigned as an agent for defendant company, while defendant company maintains that such reprehensible conduct on plaintiff's part is sufficient grounds for forfeiture of commissions, at any time, within the intendment of paragraph 18. The pertinent part of this section is as follows:

"(18) Should the Sales Representative * * * persuade any Sales Representative to leave its service, * * * then and in *any* or all of such events, the Company shall have the right to terminate this Agreement immediately or at any time thereafter, at its option, upon written notice to the Sales Representative's last known address, and upon such termination any and all claims to commission and other payments that might otherwise be due under the terms of this Agreement, shall become forfeited and void at the option of the Company." (Emphasis supplied.)

In an obvious effort to bring itself within the provisions of section 18, supra, the Company on June 14, 1954—some sixteen months after it had accepted the voluntary resignation of plaintiff—caused a notice of termination of the contract of employment to be mailed to him. A careful analysis of section 18 convinces us that none of its provisions apply in the instant case. The sanctions expressly provided therein against defections of the sales representative were (1) the right to terminate the agreement immediately, and (2) forfeiture upon such termination. Nevertheless defendant urged and the trial court held that these provisions were operative even after termination of the contract pursuant to section 20, supra. We cannot agree that such was the intent of the parties.

It is a fundamental principle of law that a contract will be construed most strongly against the drafter which in this instance was the Company. Hamberlin v. Townsend, 76 Ariz. 191, 195, 261 P.2d 1003. While the agreement leaves no doubt of

the intention of the parties, it can be said that it is the law that forfeitures are not favored by law, and if an agreement providing for forfeiture is capable of two constructions, that against forfeiture should be followed. Phoenix Title & Trust Co. v. Horwath, 41 Ariz. 417, 19 P.2d 82.

Having concluded that the contract of the parties contains no forfeiture clause that can be invoked under the admitted facts of this case we next look to the agreement to see what right the plaintiff has to further compensation. Section 21 of the agreement provides:

"On termination of this Agreement under the provisions of paragraph 20 hereof, Sales Representative shall be entitled to receive the balance of any first year's commissions thereafter becoming due him, but no renewal commissions shall be paid subsequent to any such termination."

This language is unmistakable. It therefore follows that the defendant cannot escape the payment of the first year's commissions, despite the unsavory conduct of the plaintiff, because the plaintiff's resignation and termination of the agreement was by mutual consent of the parties. It should be noted that plaintiff has admittedly been paid all commissions received by the Company to which he was entitled up to the date of his resignation on September 30, 1952. At the oral argument all claim to renewal commissions and overwrite on renewals yet to accrue under the supplemental Sales Manager Contract were expressly waived, hence we are now concerned only with the first year's commissions actually collected by the Company that remain unpaid to plaintiff.

The judgment of the lower court is reversed with directions to ascertain the amount due plaintiff for the first year's commissions, as provided in the stipulation of counsel, and upon such ascertainment that judgment be entered in favor of the plaintiff.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concurring.

*Note*: Justice STRUCKMEYER, having been the trial judge, disqualified, and the Honorable RENZ L. JENNINGS, one of the judges of the Superior Court, was called to sit in his stead.