405 P.2d 919

**Byron C. ATKINSON, Appellant,**

v.

**Joan M. ATKINSON, Appellee.**

**I CA–CIV 118.**

Court of Appeals of Arizona.

Sept. 27, 1965.

Rehearing Denied Oct. 22, 1965.

Review Denied Nov. 23, 1965.

**2**

Hughes & Hughes, by John C. Hughes, Phoenix, for appellant.

Marks & Marks, by B. E. Marks, Phoenix, for appellee.

STEVENS, Chief Judge.

The plaintiff-wife was granted a decree of divorce, the decree incorporating a prior property settlement agreement. The former husband appeals.

The parties had been married for approximately 14 years at the time of their separation. They are the parents of two daughters, who were 9 and 11 years of age at the time of the separation. The trial was held about a year later.

Shortly after the separation the husband and the wife's father, who is an attorney, met in a series of conferences and drafted a property settlement agreement. These conferences appear to have been reasonably amicable. The agreement is quite detailed and complete. It relates, among other things, to child support, property and the debts of the parties, specifying that certain debts would be paid by the wife and certain debts would be paid by the husband. The property settlement agreement provides in paragraph 16 thereof as follows:

"This agreement may be filed in any action for divorce between the parties hereto for the approval thereof by the Court, and may be incorporated in and become a part of any order, decree or judgment rendered in any such divorce action.".

Not long after the property settlement agreement was executed, the plaintiff filed for divorce through the services of her father as her attorney and paragraph 4 of the prayer of complaint is as follows:

"That plaintiff and defendant each pay their own attorney fees and costs herein."

The defendant filed his answer. He denied those allegations relating to grounds for divorce. He attacked the property settlement agreement as being the product of undue influence, requested that it be declared null and void, and demanded a jury trial in relation to those issues as to the grounds for divorce and the property settlement agreement. This action by him is of course his right and his privilege. The plaintiff then amended her complaint and changed the prayer of the complaint in relation to attorneys' fees to read as follows:

"That plaintiff be awarded a reasonable sum for the attorneys' fees and Court costs."

The plaintiff's father thereafter withdrew as attorney of record and the present attorneys for the appellee represented her at the trial. The jury trial required the better part of four days. Two interrogatories were submitted to the jury, one relating to the plaintiff's grounds for divorce and the other relating to the property settlement agreement. Both of these interroga-

tories were unanimously answered in favor of the plaintiff. The trial judge adopted the interrogatories, granted the divorce in favor of the wife and allowed attorneys' fees in connection with the trial.

In relation to this appeal, the defendant urges that the trial court erred in permitting various hearsay declarations in evidence; in instructions and in allowing attorneys' fees.

## HEARSAY

■ On appeal, the defendant urges that the court erred in allowing hearsay evidence as to remarks allegedly made by the children against the father. There was no showing that the daughters were not fully qualified to testify. While it is commendable that neither parent desired to subject their children to the difficult experience of being witnesses in a jury trial relating to the problem then at hand, this fact did not make hearsay evidence admissible. It was error for the trial judge to permit the hearsay evidence, however, in this case, it was not reversible error.

■ Divorce proceedings are conducted under the rules of the equity court since such are considered equity actions. Crook v. Crook, 80 Ariz. 275, 278, 296 P.2d 951, 58 A.L.R.2d 352 (1956); Wood v. Wood, 76 Ariz. 412, 265 P.2d 778 (1954). In equity cases the verdict of the jury and the jury's answers to interrogatories are advisory only and not binding upon the trial judge. Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960); Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188 (1956); 16 A.R.S. Rules of Civil Procedure, Rule 39(l). Our Supreme Court has stated that when a case is tried to the court, even though evidence was improperly admitted, it would assume that the trial court disregarded the improper testimony in reaching its conclusion and where there is sufficient evidence to sustain the finding and judgment, the case will not be reversed on account of the admission of such testimony. Odom v. First National Bank of America, 85

Ariz. 238, 336 P.2d 141 (1959); In re Guardianship of Sorrells, 58 Ariz. 25, 117 P.2d 96 (1941). It is our opinion that the same rule should apply when a verdict is merely advisory for it is the findings made by the court, and not the verdict of the jury, which determine the judgment. Merryweather v. Pendleton, 90 Ariz. 219, 367 P.2d 251 (1961); In re Guardianship of Sorrells. Here there was ample evidence to sustain the granting of the divorce to the plaintiff disregarding the hearsay evidence.

The effect of the receipt of the hearsay statements attributed to the children was overcome, at least to some extent, by the evidence disclosing that the father enjoyed extensive visitorial privileges between the date of the separation and the date of the trial.

## INSTRUCTIONS:

In the amended complaint, one of the grounds alleged as the basis for the claiming right of divorce "was excessive drinking". Section 25–312 specifies the grounds for divorce and Sub-section 5 states one of the grounds to be "When either party is habitually intemperate." In the instructions to the jury, the court read Sub-section 5 and continued stating:

> "Your are instructed that habitual intemperance as a grounds for divorce can be defined as follows: It is the result of indulging a natural or acquired appetite for intoxicating liquors by continued use until it becomes a customary practice. It is such that the party charged must have a fixed and practically irresistable habit of drinking alcoholic beverages with considerable frequency in such excessive quantities as to produce intoxication.

> "It is required that the habit be developed and continual for a substantial period of time with the effect arising from such habit being that the presence of the party in the family relation is disgusting and intolerable."

**4**

■ The defendant urges error in that the court declined his request to include the following language in the instruction, this language to be placed at the end of the above quotation, "and disqualifies or disables him a great deal of the time from properly attending business." The fact that a person's drinking affected his capacity to earn a living could well be an element in favor of granting a divorce on the grounds of habitual intemperance. However, it is not necessary to show an inability to attend to one's business in order to establish habitual intemperance. Here the evidence disclosed that the defendant's drinking, whatever the effect it had upon his home life, did not affect his business activities. In our opinion, the fact that defendant's drinking makes home life intolerable but does not affect his capacity to earn a living would not preclude a divorce on the statutory grounds of habitual intemperance. We find no error in the instruction.

## ATTORNEYS' FEES

Defendant contends on appeal that the court erred in allowing attorneys' fees to the wife since the court specifically adopted the settlement agreement with the provision contained therein that "neither party will compel the other to pay any sum of money for any purposes except as provided herein". It is defendant's contention that by the above language the plaintiff waived payment of attorneys' fees in the subsequent divorce action.

■ The plaintiff's father testified, and his testimony was upheld by the jury's answer to the interrogatory and the court's approval of the property settlement agreement, that at the time he and the defendant were compiling the facts and figures necessary to the drafting of the agreement he, the father, thoroughly and carefully informed the defendant he would try to be neutral but that he would represent his daughter and he urged the defendant to consult an attorney. Nevertheless, this agreement was drafted on behalf of the plaintiff and if ambiguous, should be construed most strongly against her. Harford v. National Life & Casualty Insurance Company, 81 Ariz. 43, 299 P.2d 635 (1956); Hamberlin v. Townsend, 76 Ariz. 191, 261 P.2d 1003 (1953). There was no agreement that the defendant would not contest a divorce action and there could be no such agreement. As before stated, the agreement related basically to debts, property, child support and problems which exist whether the marriage continue though the parties be separated, or whether the divorce is granted. In the original complaint there was no request for attorneys' fees. When the defendant exercised his right and privilege in contesting the action the plaintiff exercised her right and privilege to utilize A.R.S. § 25–315 which allows the granting of attorneys' fees in divorce actions, allowance of such fees being within the sound discretion of the trial court. Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433 (1964); Babnick v. Babnick, 94 Ariz. 338, 385 P.2d 216 (1963).

■ Attorneys' fees as such are not mentioned in the property settlement agreement. In our opinion, the agreement did not limit, nor could the parties by agreement limit the power conferred by statute. Further, assuming the settlement agreement contained a provision relating to attorneys' fees in a divorce action such agreement would not be binding upon the court. The court would have the privilege of adopting or rejecting such part or parts as it deemed proper. Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179 (1960); Smith v. Smith, 71 Ariz. 315, 227 P.2d 214 (1951).

■ The wife contends that she believes the appeal to be without merit and that she did not believe that an appeal would be taken even after the denial of a motion for a new trial and for these reasons she did not apply to the trial court for an allowance of attorneys' fees in connection with the appeal. She urges that

this Court grant to her attorneys' fees in relation to the appeal. Our Supreme Court has stated that following the perfecting of an appeal, the trial court loses jurisdiction of matters connected with the case, except in furtherance of the appeal. Whitfield Transportation v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956); Warren v. Warren, 92 Ariz. 390, 377 P.2d 321 (1963). As the matter of attorneys' fees on appeal is one which is in aid of an appeal, appellee's request was within the jurisdiction of the Superior Court. It is our opinion that she should have presented her application for attorneys' fees to the trial court even though the notice of appeal had been filed.

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concur.