ISABEL SMITH, Appellant, v. WILLIAM E. SMITH, Appellee.

**HUSBAND AND WIFE:** Mutual Rights—Division of Property.
1 It is not within the province of this court to enforce, between husband and wife, a division of property on the hearing of an unsustained action for divorce.

**DIVORCE:** Grounds—Incompatibility of Temper. Principle recog-
2 nized that incompatibility of temper and coarseness of grain which disregard the amenities of married life, are not, *of themselves,* grounds for divorce.

*Appeal from Jasper District Court.*—JOHN F. TALBOTT, Judge.

THURSDAY, MARCH 15, 1917.

ACTION in equity for divorce. Upon hearing the evidence, the trial court dismissed the petition, and the plaintiff appeals.—*Affirmed.*

*E. J. Salmon, R. R. Mowry* and *Ed R. Brown,* for appellant.

*Clements & Clements,* for appellee.

1. HUSBAND AND WIFE: mutual rights: division of property.    WEAVER, J.—This case has had a somewhat peculiar history, judicial and otherwise, but we need not here say any more than that the quarrels and bickerings beween the parties are not of recent origin. They were married in 1880. In the course of 30 odd years of married life, there have been born to them 15 children, of whom, at the time of the trial

below, 11 were living. Their dissensions culminated in a separation on two or more occasions several years before the one having more immediate connection with this present litigation. As early as 1906, a written contract of reconciliation was entered into between them, and plaintiff returned to her place in the family. The truce appears to have proved temporary only, and in September, 1913, she filed the original petition in this action. No answer was filed nor was any default taken for a period of two years. Pending this time, they entered into another written contract, stating it to be in contemplation of their permanent separation. Therein, defendant agreed to convey their homestead to plaintiff and to pay her $3,000. Later, it was so far modified that the money payment was not to be made until or unless plaintiff procured a divorce. On October 5, 1915, a default was entered against defendant, and the court entered upon its calendar a minute of the granting of a divorce; but it would seem that the decree was not entered or made of record. A week later, plaintiff, assuming the existence of a divorce, moved the court to reopen the subject of her alimony. Meantime, the court, becoming convinced that the evidence submitted to it did not justify the granting of a divorce, set aside its ruling theretofore made, and overruled plaintiff's motion for additional alimony. It also set aside defendant's default, and allowed him to answer and defend. Thereafter, plaintiff amended her petition, elaborating and adding specifications to her charges of cruel and inhuman treatment.

We shall not extend this opinion to recite the testimony. That defendant had a temper leading him at times to brutalities of language, and that he did not always show decent regard for the overwrought feelings of his wife, is probably to be admitted. On the other hand, if she exercised any care to avoid a battle of words with him, it is not very evident from the record. Some point is made in

argument that defendant, by his unreasonable and exces-
sive sexual demands, had injured the plaintiff's health, but
no such allegation is found in her petition, and we think
it sufficiently appears that, had such charge been made,
there would be no sufficient support for it in the testimony.
The charges of actual physical injury by assault at the
hands of the husband are very generally denied, and as a
rule are without corroboration. Of the large family of
children, to some of whom the fact would surely be known
if their father had for years been grossly mistreating
their mother, not one appears as a witness in her behalf.
Moreover, the record tends to indicate that the increasing
discontent of the plaintiff during the later years of her
married life is in some measure due to her determination
that her husband should settle upon her in her own right
some material share or portion of his property. He did
convey to her their homestead, which, as we understand,
she still owns. The $3,000 which he promised to pay her
if a divorce was obtained has never become due, for no
divorce has been granted. As his wife, who has borne his
children, and assisted in accumulating his property, she is,
of course, entitled to liberal consideration at his hands,
and if cause for divorce had been shown, the court would
doubtless have awarded her substantial alimony. But,
there being no ground for divorce, the law assumes that,
when the bonds of matrimony are severed by death, the
survivor's rights in the estate of the other will be protected
by the statutory safeguards which have been placed around
them. Until then, it is not within the province of the courts
to enforce a division of property between the parties.

2. DIVORCE:
grounds: incom-
patibility of
temper.

There is, in our judgment, an entire
failure of proof of any of the alleged grounds
for divorce, and the trial court properly dis-
missed the bill. This is not to say that the wife alone has
been to blame for the wreck of domestic happiness

which has occurred in this family. We do not think so. The husband could well have been more patient and considerate. A decent regard for the proprieties—to say nothing of his own consistency and the moral quality of his own conduct—would have closed his mouth on the trial of this case to the disclosure of an alleged admission by her in their early married life that she had been guilty of adultery. This admission is denied by her. After that date, he continued to live and cohabit with her. Most of their children have been born since then, and all the circumstances and probabilities apparent upon the face of the record corroborate her denial. More than any other, perhaps, this incident emphasizes the failure of the defendant to properly appreciate his own marital obligations, an attitude on his part which affords a large measure of explanation, if not justification, of the wife's abandonment of their family relations. But these deficiencies of character in husband and wife, their incompatibilities of temper and temperament, and the coarseness of grain which disregards the amenities of married life, while fruitful sources of discord, are not, in themselves, recognized grounds of divorce.

For reasons stated, the decree appealed from is—*Affirmed.*

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.