[Civil No. 2429. Filed January 7, 1926.]

[242 Pac. 337.]

# GARNET RODEN, Appellant, v. W. D. RODEN, Appellee.

1. DIVORCE—JURISDICTION OF COURT ON SEPARATION AGREEMENT CANNOT BE CHALLENGED ON APPEAL BY PARTY PLACING AGREEMENT IN ISSUE.—Where legality of separation agreement was placed in issue by plaintiff in divorce action, she cannot on appeal object to court's jurisdiction to adjudicate the same to be valid.

2. DIVORCE—COURT PROPERLY PASSED ON VALIDITY OF SEPARATION AGREEMENT WHERE ISSUE HAD BEEN RAISED.—Where plaintiff in divorce action raised issue of validity of separation agreement entered into prior thereto, court properly and necessarily passed thereon.

3. DIVORCE—HUSBAND IS NOT UNDER OBLIGATION TO PAY WIFE WHO HAS WILFULLY AND WITHOUT CAUSE DESERTED HUSBAND.—Where judgment of trial court implied that wife had wilfully and without cause deserted husband, later separation agreement granting certain sum to wife was merely a waiver by wife of right she had already forfeited in exchange for sum her husband was not under any legal or equitable obligation to pay.

4. DIVORCE—FINDING NECESSARY TO SUPPORT JUDGMENT WILL BE IMPLIED.—On appeal from judgment denying divorce and holding separation agreement valid, finding that agreement was not obtained by coercion or undue influence, being necessary to support judgment, will be implied.

5. DIVORCE—JUDGMENT OF TRIAL COURT CONCLUSIVE ON POINTS WHERE EVIDENCE IS IN SHARP CONFLICT.—Where evidence was in sharp conflict as to whether separation agreement was obtained by coercion and undue influence, judgment of trial court is conclusive.

6. HUSBAND AND WIFE—SEPARATION AGREEMENTS NOT OBTAINED BY FRAUD OR UNDUE INFLUENCE GENERALLY UPHELD.—Separation agreements made when separation was imminent, or after it has occurred, and not obtained by fraud or undue influence, are generally upheld.

7. HUSBAND AND WIFE—POST-SEPARATION AGREEMENT IS NOT CONTRARY TO LAW AS CHANGING ORDER OF DESCENT.—Post-separation agreement is not contrary to Civil Code of 1913, paragraph 3845, as

---

6. Validity of agreement between husband and wife renouncing marital rights, see note in 12 L. R. A. (N. S.) 848. See, also, 9 R. C. L. 524.

changing order of descent, since statute refers clearly to ante-nuptial agreements.

**8.** HUSBAND AND WIFE—CLAUSE IN SEPARATION AGREEMENT THAT PARTIES WILL NOT MOLEST EACH OTHER OR COMPEL COHABITATION HELD NOT CONTRARY TO PUBLIC POLICY.—Clause in separation contract where parties agreed not to molest each other, or to compel cohabitation, does not affect validity of contract, as being contrary to public policy, since it merely affirms legal rights already existing.

See (1) 19 C. J., p. 192, n. 13.  (2) 19 C. J., p. 160, n. 10 New. (3) 19 C. J., p. 251, n. 77 New.  (4) 4 C. J., p. 778, n. 75; 19 C. J., p. 192, n. 16.  (5) 19 C. J., p. 193, n. 32.  (6) 13 C. J., p. 465, n. 93; p. 466, n. 94.  (7) 30 C. J., p. 1059, n. 90 New.  (8) 30 C. J., p. 1059, n. 6 New.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Messrs. Struckmeyer, Jennings & Strouse and Messrs. Knapp, Boyle & Pickett, for Appellant.

Mr. F. M. Gold, Mr. Joseph E. Morrison and Mr. Thomas A. Flynn, for Appellee.

LOCKWOOD, J.—This is an appeal from a decree of the superior court of Maricopa county dismissing a complaint asking for a divorce, and declaring as valid and subsisting a separation agreement entered into by the parties.

The facts of the case are as follows: W. D. Roden, hereinafter called defendant, was on the third day of October, 1922, a widower with property worth upwards of two hundred thousand dollars. On that date he married Garnet Roden, hereinafter called plaintiff. The latter had no property of her own, and was the mother of two sons by a previous marriage; defendant being childless. From that time until the twelfth day of October, 1923, they cohabited as man and wife. On the latter date, and

while they were residing at their home in Flagstaff, Arizona, plaintiff notified defendant that his treatment of her had been such that it was ruinous to her health and that she would stand it no longer, but that she was going to leave him and go to the city of Phoenix. Thereafter they entered into an agreement which reads as follows:

"Agreement.

"This agreement, made this 13th day of October, 1923, between W. D. Roden, of Flagstaff, Coconino county, Arizona, hereinafter called the husband, and Garnet Roden, of Flagstaff, Coconino county, Arizona, hereinafter called the wife, witnesseth:

"Whereas, disputes have arisen between said husband and wife, on account of which they are separated and are now living apart, and intend to live apart from each other during the remainder of their natural lives.

"Now, therefore, in settlement, adjustment and in compromise of all property questions and rights, the said husband does hereby assign, convey, transfer and set over unto said wife all the wearing apparel and personal ornaments of the said wife, and all movable personal property belonging to said wife, now in her possession, as her separate estate, independent of the said husband. Also all property of the said wife, both real and personal, now held by her, or which shall hereafter come to her, shall be and remain her sole and separate property, free from all rights of the said husband, with full power to her to convey, assign, or deal with the same as if she were single.

"The husband shall pay to her, the said wife, the sum of eighteen hundred dollars ($1,800.00) as her separate estate in monthly payments of one hundred and fifty dollars ($150.00), the first payment to be made on the 13th day of October, 1923, and in addition one thousand dollars ($1,000.00) on the 13th day of October, 1924, in consideration of which the said wife does hereby release and discharge said husband from all obligation of support and from all other

claims, rights, and duties arising out of said marital relation.

"Said parties mutually agree that each may freely sell or otherwise dispose of his or her own property, by gift, deed, or will, without anywise incumbering the rights of the other. And each party is hereby barred from any and all rights or claims by way of support, inheritance, descent, distribution, or any rights that may arise out of said property.

"Neither of them, the said husband and wife, shall molest the other of them, nor compel nor endeavor to compel, the other of them to cohabit or dwell with him or her by any legal proceedings, or otherwise however.

"So long as this agreement on the part of the said husband shall be duly performed, the said wife will not, at any time hereafter, contract any debt or debts, charge or liability whatever, for which the said husband shall or may be or become personally liable or answerable.

"Each party also agrees, upon the request of the other, to execute and acknowledge any and all deeds or instruments of release or conveyance in order to enable such other to sell, convey, or otherwise dispose of his or her own real property, free from any apparent right or interest therein.

"In witness whereof, the said parties have hereunto set their hands, this the 13th day of October, 1923.

"[Signed]   W. D. RODEN.
            "GARNET RODEN."

Thereafter plaintiff removed to Phoenix, Arizona, and in April, 1924, brought suit for divorce against defendant on the ground of excesses, cruel treatment and outrage; set up the separation agreement above referred to and alleged it was obtained by threats, fraud and undue influence; asked that the agreement be declared void, that she be granted a divorce, temporary suit money and alimony, and that on the final decree she be given the lump sum of seventy-

five thousand dollars. Defendant answered, denying the cruel treatment alleged in the complaint, setting up that the separation was caused solely by her fault, and was against his will and consent, and because of her infatuation for another man; alleged that the agreement referred to was entered into without any pressure being brought to bear on plaintiff, and with her full knowledge of its effect and in accordance with her wishes; that he had paid her the amount due thereunder up to the date of suit, and was willing to continue in accordance therewith. He further alleged that there was no community property.

The matter was tried before a jury, which answered some twenty-three interrogatories, some unanimously and some not. Part of the answers favored plaintiff's theory of the case, part defendant's. The court thereafter rendered judgment as follows:

"Wherefore it is ordered, adjudged, and decreed that the decree of divorce sought by plaintiff be, and the same is, hereby denied; and it is further ordered, adjudged, and decreed that the plaintiff take nothing by her complaint herein, and that the same be, and it is hereby dismissed with prejudice; and it is further ordered, adjudged, and decreed that the said contract so introduced in evidence in this cause as Exhibits B and 5, a copy of which is attached to plaintiff's complaint and marked 'Exhibit A,' is now and ever since its execution has been a valid and subsisting contract, binding upon the plaintiff and defendant in this action."

An appeal was duly taken to this court by plaintiff, the record showing, however, that the appeal was not from that portion of the decree denying the divorce and dismissing the complaint with prejudice, but merely from the part which declared the separation agreement to be valid.

There are six assignments of error which we will consider as seems advisable. The first is that the court was without jurisdiction to pass upon the validity of the separation agreement. The legality of this agreement was placed in issue by plaintiff, and it would certainly seem that an objection to the court's jurisdiction hardly lies in her mouth. If the court had jurisdiction to set the agreement aside as void, it would seem axiomatic that it would have the right to refuse to set it aside, on the ground that it was valid. Plaintiff cites the case of *Burns* v. *Burns,* 59 Tex. Civ. App. 549, 126 S. W. 333, as authority for her contention. We think, however, that the case is not in point. There was no separation agreement involved therein, but the court attempted to adjudicate the community property rights without granting a decree of divorce. In *Smith* v. *Smith,* 179 Iowa, 723, 161 N. W. 698, also cited by plaintiff, the holding was merely that the court could not enforce a divison of the community property in a divorce action when the decree was denied. So, also, in *Hoellinger* v. *Hoellinger,* 38 N. D. 636, 166 N. W. 519.

In this case the trial court did not attempt to adjudicate the property rights of the parties, but held the agreement which they themselves had made, and which had been put in issue by plaintiff, to be valid. We are of the opinion that, whatever we might say as to the jurisdiction of the court to order a division of community property under the circumstances of this case in this action, since the plaintiff had raised the issue of the validity of a certain agreement, the court properly and necessarily passed thereon.

The second point is that the contract is inequitable and unjust to the plaintiff. The trial court's judgment necessarily implied that plaintiff had wilfully and without cause deserted defendant. It also appears from the evidence that there was practically no

community estate. It is undisputed by plaintiff, in fact it was admitted on oral argument, that where a wife without cause deserts her husband, she is not entitled to alimony from him. Such being the case, the agreement was merely the waiver by the wife of a right she had already foreefeited in exchange for a sum her husband was not under any legal or equitable obligation to pay. The equities, if any, from the findings of the trial court, were with the defendant.

The third assignment, that there is no substantial evidence to support the finding of the court that the separation agreement was not obtained by coercion and undue influence, is not borne out by the abstract of record. The court made no such written finding of fact, but since it is necessary to support the judgment we must assume it was made. *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226; *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. The reporter's transcript is not before us, but we think the evidence set forth in the record is in sharp conflict upon this point. Such being the case, the judgment of the trial court is conclusive. *Wright* v. *Young,* 20 Ariz. 46, 176 Pac. 583; *Thomas* v. *Newcomb, supra.*

The fourth assignment is the one which was urged most seriously at the oral argument, to the effect that the separation agreement is against public policy and therefore void. It is said that the duty of supporting the wife is imposed on the husband by public policy, and that he cannot shirk or shift it. Stated as a broad, abstract principle, this is unquestionably correct. *Ryan* v. *Dockery,* 134 Wis. 431, 126 Am. St. Rep. 1025, 15 L. R. A. (N. S.) 491, 114 N. W. 820; *In re Simonson's Estate,* 164 Wis. 590, 160 N. W. 1040. It is doubtless true that husband and wife cannot make an agreement waiving or limiting this right of support before the initiation, or during the

continuance, of the matrimonial community. Nothing, however, is commoner under our modern practice than such contracts when a separation is imminent or after it has occurred, and if they are not obtained by fraud or undue influence, they are generally upheld. 13 C. J. 465.

Nor do we think the fifth assignment to the effect that the agreement is contrary to paragraph 3845, Civil Code, Revised Statutes of Arizona of 1913, because it changes the order of descent, tenable. The statute refers clearly to antenuptial agreements, and this is a post-separation contract.

The sixth assignment is that the agreement is contrary to public policy as being in furtherance of the severance of the matrimonial relation. The only clause which might bear out this construction is the one where the parties agree not to molest each other or to compel cohabitation, but since this merely affirms legal rights already existing, we do not think it affects the validity of the contract.

There being no merit in any of the assignments of error, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.