489 P.2d 19

Henry C. WICK, III, Appellant and Cross-Appellee,

v.

Jane Kent WICK, Appellee and Cross-Appellant.

No. 10474–PR.

Supreme Court of Arizona, In Banc.

Sept. 30, 1971.

Rehearing Denied Oct. 27, 1971.

Max M. Klass, Phoenix, for appellant and cross-appellee.

Favour & Quail by John M. Favour, Prescott, for appellee and cross-appellant.

UDALL, Justice:

This case is before us on a petition for review of a decision of the Court of Appeals, 14 Ariz.App. 127, 481 P.2d 298 (1971), modifying the judgment of the trial court. The decision of the Court of Appeals is vacated, and the judgment of the trial court is hereby affirmed for the reasons advanced below.

The facts of the case at bar are as follows: On June 4, 1965, Henry C. Wick, III, filed a complaint in the Superior Court for Maricopa County seeking a divorce from his wife, Jane Kent Wick. Jane, defendant in the divorce action, answered the complaint and counterclaimed for divorce.

On May 18, 1966, approximately one year after institution of the divorce action by Henry, the parties entered into a "Separation and Property Settlement Agreement", whereby they agreed to a complete settlement of all rights arising out of the marital relation. This agreement was breached almost immediately by Henry and on June 17, 1966, Jane filed a contract action based on the terms of the separation and property settlement agreement. Henry, in his amended answer, admitted having executed the agreement but denied its validity, alleging undue influence, duress and illegality.

The divorce action and the contract action were, upon stipulation of the parties,

consolidated for trial. On July 21, 1967, the trial court entered separate judgments in the two actions. Judgment in the contract action was for the plaintiff-wife for the full amount sought in her amended complaint ($24,632.64 for payments due under the terms of the separation and property settlement agreement). Jane was also awarded judgment against Henry on both Count I (relating to the alleged invalidity of the agreement) and Count II (relating to Henry's request for reformation of the agreement) of Henry's counterclaim in the contract action.

In the divorce action, the trial court awarded Jane $12,500.00 for attorneys' fees, decreed that Jane be awarded a decree of absolute divorce, and granted her custody of the parties' minor son but refused to merge the separation and property settlement agreement in the divorce decree on the grounds that "said agreement does not represent a fair and equitable distribution of the community property of the parties." The court then proceeded to include many of the provisions of the separation and property settlement agreement, while rejecting and modifying still others. The nature of which changes is not relevant here.

Jane appealed from the portion of the court's judgment in the divorce action which refused to incorporate the property settlement agreement into the divorce decree, and cross-appealed in the contract action with respect to the trial court's failure to have rendered judgment in her favor, as plaintiff, against Henry for her attorneys' fees payable under the parties' separation and property settlement agreement. Henry, on the other hand, has appealed from the judgment entered in Jane's favor in the contract action.

## CONTRACT ACTION

We are in complete agreement with the lower court's decision upholding the validity of the separation and property settlement agreement and denying reformation of said agreement. Jane's contention that she was entitled to attorneys' fees of $10,000.00 in the contract action by virtue of Paragraph 5 of the separation and property settlement agreement is without merit.

It is obvious, that in awarding attorneys' fees, the trial court did not allocate the amounts to be awarded in each separate action but, instead, awarded Jane the total sum of $12,500.00 for attorneys' fees incurred in prosecution of the contract action and in defense of the divorce action. Since the trial court did not allocate any specific amount to either of the two actions, we are unable to say that the trial court had not, in fact, awarded Jane $10,000.00 for attorneys' fees in the contract action with an additional $2,500.00 for attorneys' fees in the divorce action.

## DIVORCE ACTION

A husband and wife, in contemplation of a separation and divorce, may, by a valid agreement between themselves, settle and adjust all property rights growing out of the marital relation. Ordinarily, assuming the agreement is otherwise valid, in an action for divorce the court will approve a valid separation and property settlement agreement and incorporate it into the divorce decree, provided the settlement is "free from any taint of fraud, coercion or undue influence * * * [the parties] acted with full knowledge of the property involved and [their] rights therein, and that the settlement was fair and equitable." In re Estate of Harber, 104 Ariz. 79 at 88, 449 P.2d 7 at 16 (1969); Roden v. Roden, 29 Ariz. 398, 242 P. 337 (1926); Long v. Stratton, 50 Ariz. 427, 72 P.2d 939 (1937).

In a divorce action, the trial court has authority to exercise full equity powers and jurisdiction since such actions are generally considered equitable actions and are, therefore, conducted under the rules of equity. Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968); Crook v. Crook, 80 Ariz. 275, 296 P.2d 951 (1956). In the exercise of its powers in a divorce action the trial court has full authority to adjudicate a complete

dissolution of the marriage relationship, including a determination of the rights of the parties to alimony, child custody and to a division of community property. A.R.S. § 25–318, subsec. A provides that on entering a judgment of divorce the court shall order such division of the property of the parties "as to the court seems just and right". Pursuant to this section, the trial court is not required to make an absolutely equal distribution of the community property as long as it does not appear that the trial court's disposition of the community estate is inequitable or unfair. In effecting a fair and equitable distribution the trial court is given a broad discretionary power and it is only where there is a manifest abuse of that discretion will an appellate court interfere. Armer v. Armer, 105 Ariz. 284, 463 P.2d 818 (1970); Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961); Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964).

■ In this state it is well established that, while the divorce court may, and generally will, accept and adopt in its decree the terms of a valid property settlement submitted to it by the parties, it need not do so:

> "When a husband and wife settle their property rights by agreement, if the settlement is fair and equitable, free from fraud and undue influence, the court normally will approve it, Roden v. Roden, 29 Ariz. 398, 242 P. 337. But the court is not bound to do so, Long v. Stratton, supra." Smith v. Smith, 71 Ariz. 315 at 318, 227 P.2d 214 at 216 (1951); See also Miller v. Miller, 456 P.2d 113 (Okl.1969); Schwartz v. Durham, 52 Ariz. 256, 80 P.2d 453 (1938).

■ In the case before us, the trial court was not required to adopt the parties' separation and property settlement agreement in toto. It was, however, duty-bound to render a distribution of the parties' property which it felt was fair, just and equitable, regardless of the agreement which had been entered into by the parties. In arriving at a fair and equitable distribution a trial court necessarily considers all the evidence before it relating to the agreement, together with all other evidence concerning the relation of the parties at the time of trial, their ages, financial conditions, opportunities, and the contributions of each to the joint estate; and it is not foreclosed from the performance of this duty by a property settlement agreement entered into before a divorce is granted.

■ The argument advanced by appellant that under the circumstances of this case the trial court could not disregard or modify the property distribution provisions of the property settlement agreement merely because, in the trial court's opinion, the division agreed to by the parties was not "fair and equitable", was clearly a misstatement of the law in Arizona pertaining to the trial court's power to approve and adopt the agreement, reject it entirely, or modify it as the facts and circumstances may warrant. To hold otherwise would, in effect, allow parties to a divorce action to completely defeat the authority expressly conferred upon the trial court by our statute, A.R.S. § 25–318, subsec. A, authorizing the trial court to order such division of the parties' property as the court deems "just and right". In our opinion, the separation and property settlement agreement did not limit, nor could the parties by agreement limit, the power conferred on the court by statute. Atkinson v. Atkinson, 2 Ariz.App. 1, 405 P.2d 919 (1965). As previously stated, the trial court was duty-bound to effect a fair and equitable distribution of the parties' property and it was not foreclosed from doing so by the parties' separation and property settlement agreement.

For the reasons advanced above, the decision of the Court of Appeals is vacated and judgment as entered by the trial court is hereby affirmed.

STRUCKMEYER, C. J., and LOCKWOOD and CAMERON, JJ., concur.

NOTE: Vice Chief Justice JACK D. H. HAYS having disqualified himself, did not participate in the determination of this matter.