NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MICHAEL OBERG,
*Petitioner/Appellee*,

*v.*

MARGARET OBERG,
*Respondent/Appellant*.

No. 1 CA-CV 20-0468 FC

FILED 4-22-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-096521
The Honorable Suzanne Scheiner Marwil, Judge

**VACATED AND REMANDED**

COUNSEL

The Cavanagh Law Firm, P.A., Phoenix
By Christina S. Hamilton
*Counsel for Respondent/Appellant*

Tiffany & Bosco P.A., Phoenix
By Amy D. Sells
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

---

**T H U M M A**, Judge:

¶1          Margaret Oberg (Wife) appeals the superior court's denial of her motions to set aside a Default Decree of Dissolution (Decree) of her marriage to Michael Oberg (Husband). Because the court did not expressly address the fairness of the post-nuptial agreement upon which the Decree is based, the orders denying those motions are vacated and this matter is remanded for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2          In December 2019, Husband petitioned for dissolution of the parties' 23-year marriage with two minor children, one of whom has since turned 18. Husband properly served Wife with the original petition in December 2019 and an amended petition in January 2020. Wife, however, failed to respond to either pleading. Husband then applied for entry of default, with supporting affidavits and attachments, in February 2020. The default became effective 10 days later when Wife failed to respond. *See* Ariz. R. Fam. L.P. (Rule) 44(a)(4)(2021).[1] Husband then filed a motion and affidavit for default decree without a hearing. The court entered the Decree, in the form submitted by Husband, on March 13, 2020.

¶3          The substance of the Decree incorporated the terms of a post-nuptial agreement drafted by Husband's counsel and signed by both parties in October 2019. That agreement, "in consideration of remaining within the marriage," waived any future claims by either party to spousal maintenance and provided that the couple's community property residence would be awarded in its entirety to Husband should the marriage dissolve.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4             On April 22, 2020, Wife moved to set aside the Decree pursuant to Rule 85. Wife's motion claimed the Decree and the agreement on which it was based were unfair. Among other things, Wife argued, the agreement to waive future spousal maintenance and provide Husband the community residence violated Arizona law. After an evidentiary hearing, the court denied the Rule 85 motion to set aside in a Rule 78(c) judgment. The court then denied Wife's subsequent Rule 83 motion. Wife appeals from both rulings. This court has jurisdiction over Wife's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶5             A married couple may "validly divide their property presently and prospectively by a post-nuptial agreement, even without its being incident to a contemplated separation or divorce." *In re Harber's Estate*, 104 Ariz. 79, 88 (1969). To be enforceable, a post-nuptial agreement must be a valid contract "free from any taint of fraud, coercion or undue influence;" the contracting parties must have "acted with full knowledge of the property involved and [their] rights therein" and the division must have been "fair and equitable." *Id.*

¶6             The superior court is "duty-bound" to distribute the parties' property in a "fair, just and equitable" manner. *Wick v. Wick*, 107 Ariz. 382, 385 (1971). The existence of a post-nuptial agreement does not "foreclose[]" the court "from the performance of this duty." *Id.* Instead, the court must, in every case, independently determine that an agreement is not "unfair" before incorporating it into a decree of dissolution. *Harber's Estate*, 104 Ariz. at 87. This is particularly true where, as here, the best interests of a minor are involved. *Cf. Hays v. Gama*, 205 Ariz. 99, 102 (2003) ("the child's best interest is paramount in custody determinations.").

¶7             Although a post-nuptial agreement is reviewed for its validity under traditional contract law, it is *not* a traditional contract. Unlike a typical arm's-length commercial transaction, a separation agreement shall not be enforced if it is unfair. "To hold otherwise would, in effect, allow parties to a divorce action to completely defeat the [statutory] authority expressly conferred upon the trial court." *Wick*, 107 Ariz. at 385.

¶8            Here, the superior court determined that the parties' post-nuptial agreement was "voluntary and without coercion or duress." The court then incorporated the terms of the agreement into the Decree, while recognizing "it is different than what the law would have required absent an agreement of the parties." But the circumstances required the court to determine whether the agreement was "fair and equitable." *Harber's Estate*, 104 Ariz. at 87. Although the agreement need not comply with the property distribution and spousal maintenance provisions of A.R.S. §§ 25-318 and -319, Husband concedes the post-nuptial agreement is governed "by case law, such as" *Harber's Estate, Austin v. Austin*, 237 Ariz. 201 (App. 2015) and *Hutki v. Hutki*, 244 Ariz. 39 (App. 2018).[2] Those cases require the court to determine that the post-nuptial agreement was both fair and equitable.

¶9            Here, the record does not reflect that the superior court made this required determination, a prerequisite for the post-nuptial agreement to be incorporated into the Decree. Accordingly, the Decree cannot stand.

## CONCLUSION

¶10           The Decree is vacated, and this matter remanded for the superior court to make the requisite determinations. Upon the conclusion of those proceedings, the court will enter a new Decree. Wife's request for attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(A) is granted, contingent upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA

---

[2] Although Husband argues *Hutki* found that a procedural rule superseded *Harber's Estate,* he has not shown how *Hutki* could negate *Harber's Estate's* requirement that the superior court determine whether the post-nuptial agreement is "fair and equitable" before incorporating it into the Decree.